UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANA NESSEL, Attorney
General of the State of Michigan,

     Plaintiff,                                           No.

v.                                                                HON.

DARBY WINERY, INC.,

     Defendant.

_____

Kellie L. McGuire (P85058)
Melinda A. Leonard (P63638)
Attorneys for Plaintiff
Michigan Department of Attorney General
Alcohol and Gambling Enforcement Division
25680 W. 8 Mile Rd.
Southfield, MI 48033
(313) 456-1180
Mcguirek4@michigan.gov
_____/

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS
PURSUANT TO
THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT AND
MICHIGAN CONSUMER PROTECTION ACT**

I.      **PRELIMINARY STATEMENT**

1.      Plaintiff, Michigan Attorney General Dana Nessel, brings this lawsuit against Defendant, Darby Winery, Inc. (Darby Winery), and seeks preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, and costs and fines pursuant to the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq*.

2.      Darby Winery has illegally sold and shipped intoxicating liquors to consumers in Michigan without licensure by the Michigan Liquor Control Commission (MLCC).

3.      These practices violate several provisions of the Michigan Liquor Control Code, as well as section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

4.      The MLCC, in partnership with the Michigan Department of Attorney General, has dedicated extensive resources to enforcing Michigan's alcohol sale and shipping restrictions.

5.      In furtherance of the efforts to combat illegal sales and shipments of alcohol and avoid litigation, Plaintiff Nessel has attempted to stop Darby Winery from making illegal sales and shipments by issuing a cease-and-desist letter.  See Exhibit 1.

6.      Darby Winery failed to comply with the cease-and-desist request.

7.     Darby Winery continues to violate the alcohol sale and shipping laws imposed by the Michigan Liquor Control Code and, in so doing, threatens the health, safety, and welfare of Michigan citizens.

8.     The Twenty-first Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of intoxicating liquors, in violation of laws thereof."  U.S. Const. Amend. XXI, § 2.

9.     This lawsuit is required to restrain Darby Winery from engaging or continuing to engage in the violations alleged, to enforce compliance with Michigan law, to enforce Michigan's authority over the transportation and importation of alcoholic liquor into Michigan, and to protect the health, safety, and welfare of its citizens.  *See* 27 U.S.C. § 122a(b)(1)-(2).

## II.     PARTIES

10.     Plaintiff, Attorney General Dana Nessel, brings this suit in her official capacity.

11.     Defendant, Darby Winery, is a Washington corporation located at 14260 Northeast 193rd Place, Woodinville, Washington.

## III.     JURISDICTION

12.     The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State

3

law regulating the importation or transportation of any intoxicating liquor."  27

U.S.C. § 122a(b).

13.     "Intoxicating liquor" is defined in the Twenty-first Amendment

Enforcement Act as "any spirituous, vinous, malted, fermented, or other

intoxicating liquor of any kind."  27 U.S.C. § 122a(a)(2).

14.     This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-

first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1), which provides in

relevant part:

> The district courts of the United States shall have jurisdiction over any
> action brought under this section by an attorney general against any
> person, except one licensed or otherwise authorized to produce, sell, or
> store intoxicating liquor in such state.

15.     Darby Winery is not licensed or otherwise authorized to produce, sell,

or store intoxicating liquor in the State of Michigan.

16.     Plaintiff's state law claims are so related to the action over which this

Court has original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution.  As such, this Court has

supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.

§ 1367(a).

## IV.   <u>VENUE</u>

17.      The Twenty-first Amendment Enforcement Act, 27 U.S.C.

§ 122a(c)(2), provides that "[a]n action under this section may be brought only in

accordance with section 1391 of Title 28 or in the district in which the recipient of

the intoxicating liquor resides or is found."

18.     Darby Winery has made an illegal sale and shipment of intoxicating

liquor to an MLCC investigator who resides in St. Ignace, Michigan.

19.     St. Ignace, Michigan, is located in the Western District of Michigan

federal judicial district.

20.     Venue in the Western District is therefore appropriate pursuant to the

Twenty-first Amendment Enforcement Act, 27 U.S.C.

§ 122a(c)(2).

## V.     BACKGROUND

21.      Since 2015, with the close assistance of the Attorney General's Alcohol

and Gambling Enforcement Division, the MLCC has focused on unlicensed entities

illegally selling and shipping beer and wine to consumers in Michigan.

22.     For the reasons alleged in this Complaint, Plaintiff has reasonable

cause to believe that Darby Winery is violating Michigan laws governing the

transportation and importation of intoxicating liquor.

23.     Darby Winery continues to sell and ship wine directly to Michigan

consumers despite not holding a direct shipper license in the State of Michigan.

Darby Winery's activities constitute illegal importation of intoxicating liquors.

24.      Michigan law generally prohibits a person from selling, delivering, or

importing alcoholic liquor in Michigan unless the "sale, delivery, or importation is

made by the [C]ommission, the [C]ommission's authorized agent or distributor, an

authorized distribution agent approved by order of the [C]ommission, a person

licensed by the [C]ommission, or by prior written order of the [C]ommission." Mich.

Comp. Laws § 436.1203(1).

25.     "Alcoholic liquor" is defined in the Michigan Liquor Control Code as:

any spiritous, vinous, malt, or fermented liquor, powder, liquids, and
compounds, whether or not medicated, proprietary, patented, and by
whatever name called, containing ½ of 1% or more of alcohol by volume
that are fit for use for food purposes or beverage purposes as defined
and classified by the [C]ommission according to alcoholic content as
belonging to 1 of the varieties defined in this chapter.

Mich. Comp. Laws § 436.1105(3).

26.     Michigan allows only "direct shipper" licensees to sell and ship wine

from outside the state directly to consumers in Michigan.  *See* Mich. Comp. Laws

§ 436.1203(4).  "Direct shipper" is defined in the Michigan Liquor Control Code as

either of the following:

(i)      A wine manufacturer that sells, delivers, or imports wine it has
manufactured, bottled, and registered with the [C]ommission, to
consumers in this state or that is transacted . . . through the use
of any mail order, internet, telephone, computer, device, or other
electronic means, or sells directly to consumers on the winery
premises.

(ii)     A wine manufacturer that purchases wine from another wine
manufacturer and further manufactures or bottles the wine or
purchases shiners of wine from another wine manufacturer in
compliance with section 204a, registers the wine with the
[C]ommission and sells the wine to consumers in this state that
is transacted . . . through the use of any mail order, internet,
telephone, computer, device, or other electronic means, or sells
directly to consumers on the winery premises.

Mich. Comp. Laws § 436.1203(25)(i).

27.     Only a licensed Michigan wine maker or an out-of-state wine

manufacturer holding both a federal basic permit and a license to manufacture wine

in its state of domicile may qualify for a direct shipper license. Mich. Comp. Laws § 436.1203(10).

28.     Wine satisfies the definitions of "intoxicating liquor" in the Twenty-first Amendment Enforcement Act and "alcoholic liquor" in the Michigan Liquor Control Code.

29.     Shipments of alcoholic liquor that are transported by common carriers into Michigan must be reported to the MLCC in quarterly reports that include the name of the person shipping the alcoholic liquor and the name of the recipient, as well as the weight of the package and date of delivery. See Mich. Comp. Laws § 436.1203(19).

## VI.    FACTS

30.     Darby Winery does not hold a license to sell or ship alcoholic liquor in Michigan pursuant to the Michigan Liquor Control Code.

### 2022 Shipments

31.     In October 2022, an MLCC investigator reviewed common carrier reports that UPS had submitted to the MLCC pursuant to Mich. Comp. Laws § 436.1203 concerning shipments of intoxicating liquor into Michigan in 2022. The reports showed that Darby Winery had sent three shipments to Michigan addresses.

### Cease and Desist Letter

32.     Based on the MLCC investigator's findings, in October 2022, the Michigan Department of Attorney General sent a cease-and-desist letter to Darby Winery. Exhibit 1.

33.     Copies of the cease-and-desist letter were sent via certified mail to the addresses listed for Darby Winery on the Washington Secretary of State, Corporations & Charities, and Washington State Department of Revenue websites. The letter was also sent to the attention of Darby Winery's registered agent, Pac Rim Accounting, LLC, at the address listed on the Washington Secretary of State website.  All letters were sent return receipt requested.

34.     The cease-and-desist letter included an excerpt from a UPS common carrier report for 2022 that reflected three shipments of alcoholic liquor into Michigan by Darby Winery.  Exhibit 1 at pp. 3, 6, 9, 12, 15.

35.     The cease-and-desist letter informed Darby Winery that its practice of directly shipping alcoholic liquor to consumers in the State of Michigan is illegal. Furthermore, the cease-and-desist letter stated that legal action would result if Darby Winery continued its illegal activity of selling and shipping alcoholic liquor to consumers in Michigan.  Exhibit 1.

36.     The Michigan Department of Attorney General received confirmation that four copies of the cease-and-desist letter were delivered in October 2022.

**Subsequent Shipment**

37.     To investigate whether Darby Winery had discontinued its illegal shipments following the October 13, 2022, cease-and-desist letter, an MLCC investigator placed an order on Darby Winery's website on February 15, 2024, for the purchase and shipment of one bottle of 2020 Aunt Lee Syrah.  Exhibit 2 (order documentation).

38.     The MLCC investigator purchased the bottle of wine for $38.00 and was charged $31.20 for shipping.  Exhibit 2.

39.     On March 6, 2024, the MLCC investigator received a package via UPS containing the wine he had ordered.  The top label on the package indicated that it was sent by "PCFreight."  A second label underneath that label showed a return address for Darby Winery, and contained a handwritten note on the label saying, "Send Thru Pony."  The package required an adult's signature, but it did not indicate that it contained alcoholic liquor.  Exhibit 3 (photographs of outer package).

40.     UPS requires packages containing wine to be labeled with a special alcoholic-beverages shipping label.  Exhibit 4 (Excerpt from UPS Website on Package Preparation <https://www.ups.com/us/en/support/shipping-support/shipping-special-care-regulated-items/prohibited-items/wine.page>).

41.     The package contained one bottle of 2020 Aunt Lee Syrah, the product that the MLCC investigator had purchased on Darby Winery's website.  Exhibit 5 (photographs of inner package and bottle).

42.     Upon information and belief, PCFreight acted as Darby Winery's agent in shipping the wine.

## COUNT I

## CAUSE OF ACTION UNDER TWENTY-FIRST AMENDMENT ENFORCEMENT ACT

43.     Plaintiff incorporates by reference paragraphs 1-42 as if fully restated herein.

44.     Subsection (b) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(b), provides for temporary and permanent injunctive relief, as follows:

> If the attorney general has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor, the attorney general may bring a civil action in accordance with this section for injunctive relief (including a preliminary or permanent injunction) against the person, as the attorney general determines to be necessary to--
>
> > (1) restrain the person from engaging, or continuing to engage, in the violation; and
> >
> > (2) enforce compliance with the State law.

45.     Because Darby Winery lacked a direct shipper license, its sale of wine and its shipment of wine to a Michigan consumer violated the prohibition in Mich. Comp. Laws § 436.1203(1).

46.     Because Darby Winery does not fit within one of the categories of persons permitted to sell, deliver, or import wine or beer in Mich. Comp. Laws § 436.1204(1), its sales and shipments of wine violate that statute.

47.     Both Mich. Comp. Laws § 436.1203 and § 436.1204 are state laws regulating the importation and transportation of intoxicating liquor.

48.     Darby Winery has also violated section 901(1) of the Michigan Liquor Control Code, Mich. Comp. Laws § 436.1901(1), which also regulates the importation and transportation of intoxicating liquor.  That provision states:

> A person, directly or indirectly, himself or herself or by his or her clerk, agent or employee shall not manufacture, manufacture for sale, sell, offer or keep for sale, barter, furnish, or import, import for sale, transport for hire, or transport, or possess any alcoholic liquor unless the person complies with this act.

10

49.     Absent temporary and permanent injunctive relief, Darby Winery may make similar illegal sales and shipments of alcoholic liquor to Michigan consumers in the future.

50.     All nonjudicial means of restraining Darby Winery from engaging in these violations and enforcing compliance with these Michigan laws have proven inadequate.

51.     Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act prohibiting Darby Winery from making future sales and shipments of alcoholic liquor to Michigan consumers.

**COUNT II**

**MICHIGAN CONSUMER PROTECTION ACT VIOLATIONS**

52.     Plaintiff incorporates by reference paragraphs 1-51 as if fully restated herein.

53.     Darby Winery has engaged in illegal alcohol sales and shipments to a Michigan consumer.

54.     These practices by Darby Winery constitute unlawful "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce" under section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1), because, by these actions, Darby Winery has:

> (a)  Caus[ed] a probability of confusion or misunderstanding as to . . . the approval . . . of goods or services.

11

* * *

(c)  Represent[ed] that goods . . . have approval . . . that they do not
have . . . .

* * *

(n)  Caus[ed] a probability of confusion or of misunderstanding as to
the legal rights . . . of a party to a transaction.

* * *

(s)  Fail[ed] to reveal a material fact, the omission of which tends to
mislead or deceive the consumer, and which fact could not be
reasonably known by the consumer.

* * *

(bb)  Ma[de] a representation of fact . . . material to the transaction
such that a person reasonably believes the represented . . . state of
affairs to be other than it actually is.

* * *

(cc)  Fail[ed] to reveal facts which are material to the transaction in
light of representations of fact made in a positive manner.

55.     Section 5(1) of the Michigan Consumer Protection Act, Mich. Comp.

Laws § 445.905(1), provides for penalties for each violation of the Act up to

$25,000.00, including injunctive relief and costs.

56.     Accordingly, Darby Winery is liable for and should be assessed civil

penalties for each of the Michigan Consumer Protection Act violations.

## REQUESTED RELIEF

Plaintiff respectfully requests this Honorable Court to enter an Order

providing for:

a)      Preliminary and permanent injunctive relief under the Twenty-

first Amendment Enforcement Act enjoining Defendant from

continuing to violate the applicable provisions of the Michigan Liquor

Control Code;

b)      Preliminary and permanent injunctive relief under the Michigan

Consumer Protection Act enjoining Defendant from continuing to

violate the applicable provisions of that Act, Mich. Comp. Laws

§ 445.905(1);

c)      The imposition of cumulative civil penalties against Defendant

pursuant to section 5(1) of the Michigan Consumer Protection Act,

specifically $25,000.00 for each violation of the Act, including

violations learned of through the course of discovery, Mich. Comp.

Laws § 445.905(1);

d)      Reimbursement of investigative expenses incurred, Mich. Comp.

Laws § 445.905(1);

e)      An award of costs and attorney fees, Mich. Comp. Laws

§ 445.905(1);

f)      Any other relief determined to be just and appropriate.

Respectfully submitted,

 s/ Kellie L. McGuire
Kellie L. McGuire (P85058)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Attorneys for Plaintiff
Alcohol & Gambling Enf. Division
25680 W. 8 Mile Rd.
Southfield, MI 48033
(313) 456-1180
Mcguirek4@michigan.gov

Dated:  July 25, 2024