UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANA NESSEL,

    Plaintiff,

v.

DARBY WINERY, INC.,

    Defendant.
_____/

Case No. 2:24-cv-123

Hon. Hala Y. Jarbou

## ORDER

Plaintiff Dana Nessel, the Attorney General of Michigan, alleges that Defendant Darby Winery, Inc. ("Darby") has illegally sold and shipped intoxicating liquors to consumers in Michigan without a proper license, violating the Twenty-First Amendment Enforcement Act ("TFAEA") (27 U.S.C. § 122) and the Michigan Consumer Protection Act ("MCPA") (Mich. Comp. Laws § 445.903). (Compl. 2, 9, 11, ECF No. 1.) Despite acknowledging receipt of the complaint (Email Exchange, ECF No. 9-3, PageID.63), and despite an executed summons (ECF No. 11), Darby has not responded to Nessel's claims. The Clerk of Court entered default due to Darby's failure to plead or otherwise defend as required by the Federal Rules of Civil Procedure. (ECF No. 14.)

Before the Court is Nessel's motion for default judgment. (ECF No. 16.) Nessel seeks a permanent injunction under the TFAEA that prevents Darby from making illegal sales and shipments of alcoholic liquor to Michigan consumers. Additionally, Nessel seeks $25,000 as a statutory penalty under the MCPA, and $405 for filing costs. For the reasons discussed herein, the Court will grant her motion in part.

Even after the Clerk of Court enters default against a defendant, a plaintiff is "not entitled to a default judgment as of right."  10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2685 (4th ed. 2024).  The Court accepts Nessel's factual allegations as true, but a party's default does not absolve the Court of its fundamental duty to evaluate legal claims.  *Id.* ("[T]he district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered."); *see also Kwik-Sew Pattern Co., Inc. v. Gendron*, No. 1:08-cv-309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008) (collecting cases).

The Court starts with the first claim, brought under the TFAEA.  Nessel alleges that Darby shipped wine from Washington State (where Darby is located) to an individual in Michigan.  Nessel also alleges that Darby does not possess the required license to sell alcohol in Michigan.  *See* Mich. Comp. Laws § 436.1203.  Because Darby's wine sale violates Michigan law, and the TFAEA prohibits interstate alcohol sales that violate state laws, accepting the allegations as true, Darby has violated the TFAEA.  27 U.S.C. § 122.  Under the TFAEA, courts "may issue a preliminary or permanent injunction to restrain a violation of [the statute]" once there has been "notice to the adverse party and an opportunity for a hearing."  *Id.* § 122a(d).  Darby received notice of the relief that Nessel seeks via the complaint, and there has been an opportunity for a hearing.[1]  To prevent further violations of the TFAEA, the Court will issue an injunction preventing Darby from making illegal wine sales in Michigan.

Next, the claim brought under the MCPA.  Nessel alleges that Darby violated several subsections of the MCPA, but she does not allege specific conduct that purportedly violates the statute.  Nessel argues that Darby "has engaged in unfair, unconscionable, or deceptive practices," but merely employs conclusory statements to do so.  (Pl.'s Br. 3, ECF No. 16.)

---

[1] Through default, Darby has not utilized that opportunity.  However, Darby retains an opportunity for further relief (and, if necessary, a hearing).  Fed. R. Civ. P. 55(c).

Nessel seems to argue that in selling the wine to a Michigan consumer, Darby implicitly misrepresented its status as a licensed seller. In addition to insufficient factual allegations, it is unclear whether the MCPA applies to this kind of implicit misrepresentation about administrative compliance (as opposed to the general legality of importing wine, deceptive marketing tactics, or product confusion). Under § 445.904(1)(a) of the MCPA, when a "general transaction is specifically authorized by law," it is exempted from MCPA deceptive and unfair practice claims, "regardless of whether the specific misconduct alleged is prohibited." *Liss v. Lewiston-Richards, Inc.*, 732 N.W.2d 514, 518 (Mich. 2007). Michigan law permits importing alcohol so long as the seller is properly licensed; those licensing requirements are governed by Michigan's Liquor Control Code and the Alcohol and Gambling Enforcement Division of the Attorney General's office. The general transaction at issue is specially authorized: all of Darby's alleged misconduct would be authorized with proper licensing. The question is whether Darby adhered to the guidelines that govern this general transaction, not whether wine sales with proper licensing are specifically authorized. *See id.* at 520 n.39, 521 (explaining that when a statutory scheme permits certain activity subject to administrative requirements—including a license—the general transaction fits under the exemption; if the question is whether the defendant's conduct follows the statutory scheme's requirements, the § 445.904 exemption applies). The burden is on Darby to raise and prove this exemption, and the Court will not apply it sua sponte to dismiss Nessel's claim. Instead, the Court notes this exemption to explain its reluctance to needlessly wade into interpretation of state law that is best meant for state courts. The principles of this exemption indicate that the MCPA's unfair and deceptive practice provisions may not cover notifications pertaining to administrative requirements of specifically authorized general transactions. The Court declines to extend the MCPA to such claims when state courts are better equipped to define

the contours of the statute's reach.  Because the Court "may decline to exercise supplemental jurisdiction over a [state law] claim" if "the claim raises a novel or complex issue of State law," the Court will decline to exercise supplemental jurisdiction over Nessel's MCPA claim.  28 U.S.C. § 1367(c)(1).  These are issues best resolved by Michigan courts.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to enter default judgment (ECF No. 16) is **GRANTED IN PART**.  The Court will enter default judgment with regard to Plaintiff's claim under the Twenty-First Amendment Enforcement Act.

**IT IS FURTHER ORDERED** that Defendant shall not sell wine or other products in Michigan in violation of 27 U.S.C. § 122.

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiff $405 for the cost of filing the complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Michigan Consumer Protection Act claims are **DISMISSED WITHOUT PREJUDICE**.

A judgment will issue in accordance with this Order.

Dated: March 28, 2025                         /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              CHIEF UNITED STATES DISTRICT JUDGE